## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:17-cv-2568 |
| | ) | |
| TEMPOE, LLC d/b/a WHY NOT LEASE IT, LLC, | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S COMPLAINT

Plaintiff, JOHN WOODS, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of TEMPOE, LLC d/b/a WHY NOT LEASE IT, LLC ("Defendant"), as detailed as follows.

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et seq.  ("TDCA").

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. This Court has supplemental jurisdiction over the state claim contained herein pursuant to

1

28 U.S.C. § 1367

6. Defendant conducts business in Missouri City, Fort Bend County, Texas.

7. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff, is a resident of Missouri City, Fort Bend County, Texas.

9. Defendant is based in Manchester, New Hampshire.

## FACTUAL ALLEGATIONS

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number 832-209-9227 to collect on Plaintiff's alleged debt.

11. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

12. None of the calls Defendant made to Plaintiff were for an emergency purpose.

13. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone numbers: 888-542-1146.

14. The following telephone numbers are Defendant's phone numbers: 888-542-1146.

15. Defendant calls Plaintiff's cellular telephone number looking to speak with someone who is not Plaintiff.

16. On more than one occasion, Plaintiff has informed Defendant that he is not the person Defendant is looking for, and Defendant has confirmed this information after Plaintiff voluntarily gave Defendant's collector his social security number.

17. Despite obtaining knowledge that the intended recipient could not be reached at Plaintiff's

cellular telephone number, Defendant continued to place calls to Plaintiff's cellular telephone.

18. On more than one occasion, Plaintiff answered Defendant's calls and experienced a delay before a live representative came onto the line.

19. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

20. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

21. During at least one conversation, Defendant learned that Plaintiff was not the intended recipient of Defendant's telephone calls.

22. Defendant did not have Plaintiff's permission to call Plaintiff's cellular telephone.

23. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff was not the intended recipient of the telephone calls.

24. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

25. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

33. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

34. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JOHN WOODS, respectfully requests judgment be entered against Defendant, TEMPOE, LLC d/b/a WHY NOT LEASE IT, LLC, for the following:

35. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

36. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00,

for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

37. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

39. Plaintiff repeats and realleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the TDCA based on the following:

   a. Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after Plaintiff informed Defendant that he was not the intended recipient of Defendant's telephone calls.

WHEREFORE, Plaintiff, JOHN WOODS, respectfully requests judgment be entered against Defendant, TEMPOE, LLC d/b/a WHY NOT LEASE IT, LLC, for the following:

41. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

42. For attorneys' fees, costs and disbursements;

43. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

44. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  August 22, 2017              RESPECTFULLY SUBMITTED,


By: <u>/s/ Michael S. Agruss</u>
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Avenue
    Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    *Attorney for Plaintiff*